UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTRICT OF INDIANA
*Indianapolis Division*

**FILED**
10/26/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

| | |
|---|---|
| **CALI MILLER,** | ) |
| Plaintiff, | ) |
| vs. | ) 1:25-cv-02152-SEB-MJD |
| | ) |
| **LIAM BENNETT SMITH,** | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff CALI MILLER, respectfully moves this Court for entry of summary judgment pursuant to **Rule 56 of the Federal Rules of Civil Procedure** and **Local Rule 56-1** of the Southern District of Indiana.
In support of this motion, Plaintiff states as follows:

### I. INTRODUCTION

This is an action for **defamation and harassment** arising from Defendant's false and malicious statements concerning Plaintiff. No genuine issue of material fact exists regarding the falsity of Defendant's statements, their publication to third parties, and the harm caused to Plaintiff's reputation and emotional well-being. Plaintiff is therefore entitled to judgment as a matter of law.

### II. STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. On 2025-09-02, Defendant made statements to YouTube asserting that Plaintiff is a predator, with intent to harm a child.
2. These statements were false when made.
3. Defendant knew or should have known the statements were false, or acted with reckless disregard for their truth or falsity.
4. Defendant's statements were published to third parties and were not privileged.
5. As a result of Defendant's conduct, Plaintiff suffered harm, including damage to reputation, emotional distress, and other consequential damages.
6. Defendant has admitted or cannot produce admissible evidence disputing these material facts.

### III. LEGAL STANDARD

Under **Federal Rule of Civil Procedure 56(a)**, summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### IV. ARGUMENT

#### A. Defendant's Statements Constitute Defamation Per Se

Under Indiana law, a claim for defamation requires:
1. A communication with defamatory imputation;
2. Malice;

3. Publication; and
4. Damages.

*See Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007).

Here, Defendant's statements accused Plaintiff of being a sexual predator with intent to harm a child, which constitute defamation per se under Indiana law. Because such statements are inherently damaging to Plaintiff's reputation, proof of actual damages is not required.

### B. Defendant's Conduct Constitutes Harassment

Defendant's repeated, unwarranted communications and public remarks directed at Plaintiff amount to harassment as recognized under Indiana common law and applicable federal standards. The undisputed evidence establishes a pattern of behavior intended to intimidate, embarrass, and emotionally harm Plaintiff.

### C. No Genuine Issue of Material Fact Exists

Defendant has failed to produce admissible evidence creating a genuine dispute regarding the falsity of the statements, their publication, or the harm caused. Accordingly, summary judgment is appropriate.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment and enter judgment in Plaintiff's favor on all counts, awarding such relief as the Court deems just and proper, including compensatory and punitive damages, attorney's fees, and costs.

**Respectfully submitted,**

*Cali Miller*

**Cali Miller**
Date: 2025-10-26

**CERTIFICATE OF SERVICE**

  **I hereby certify that on 2025-10-26, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all registered counsel of record.**