UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CALI MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02152-SEB-MJD |
| | ) | |
| LIAM BENNETT SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Cali Miller, who is proceeding *pro se*, has filed a Complaint [Dkt. 1] without prepaying the filing fee. This Order addresses Ms. Miller's Motion to Proceed *In Forma Pauperis* [Dkt. 2] as well as screens her Complaint and denies as premature her Motion for Summary Judgment [Dkt. 8].

**Motion to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed *in forma pauperis* [Dkt. 2] is GRANTED. 28 U.S.C. § 1915(e). While *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the $350.00 filing fee, the plaintiff remains liable for the full fees. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). No payment is due at this time.

**Screening the Complaint Under 28 U.S.C. § 1915**

When a plaintiff is allowed to proceed *in forma pauperis*, the Court has an obligation to ensure that her complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim

on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* Dismissal under this statute involves an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Stated differently, it is not enough for a plaintiff to say that she has been illegally harmed. She must also state enough facts in her complaint for the Court to infer the possible ways in which the named defendant could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints such as that filed by Ms. Miller are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

2

Here, Ms. Miller has brought this action against Defendant Liam Bennett Smith, alleging that Mr. Smith "publicly defamed" her "with harassment and false allegations …." Compl. at 5. Mr. Miller further alleges that Mr. Smith "produced and made public three videos" that shared her "personal information and copyrighted photos" and "misrepresented [her] character" with the intent to defame her. *Id.* Ms. Miller seeks to have all references to her removed from Mr. Smith's online accounts and to have Mr. Smith prohibited from any similar future postings. *Id.* Ms. Miller also seeks $50,000 in damages "to account for security upgrades to the home, vehicles, and self" and $100,000 in damages "for stress and the adverse affects on her physical and mental health." *Id.* Finally, Ms. Miller seeks to recover "appropriate punitive damages because the defendant acted in malice for monetary benefit." *Id.*

These allegations, although sparse, are sufficient at this early stage of the litigation to put Mr. Smith on notice of Ms. Miller's defamation claim and to make known her prayer for relief that goes beyond mere speculation. She has also adequately alleged a basis for this Court to exercise diversity jurisdiction over her defamation claim in averring that she is a citizen of Indiana, that Mr. Smith is a citizen of Tennessee, and she is seeking more than $75,000 in damages, excluding interest and costs. Accordingly, for now, the Court finds that the action need not be dismissed pursuant to § 1915(e) and it therefore **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 motion.

Because the plaintiff is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for the plaintiff. Accordingly, the

3

clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendant Liam Bennett Smith, in the manner specified by Rule 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### Plaintiff's Motion for Summary Judgment

Plaintiff has also submitted evidence and seeks summary judgment, which request is premature at this stage of the litigation. Evidence submission and summary judgment come later, after discovery is completed. Ms. Miller need not (and should not) submit evidence to the Court at this time unless directed to do so. Accordingly, Ms. Miller's summary judgment motion is DENIED as premature without prejudice to refiling when it is time to do so.

### Conclusion

For the reasons detailed above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 2] is GRANTED and Plaintiff's Motion for Summary Judgment [Dkt. 8] is DENIED as premature. Because Plaintiff's complaint has survived screening, the clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendant Liam Bennett Smith, in the manner specified by Rule 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

IT IS SO ORDERED.

Date: 10/29/2025



SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CALI MILLER
1318 S. Noble St
Shelbyville, IN 46176

Liam Bennett Smith
Content Creator
620 Bixler Ave.
Madison, TN 37115